UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES BLACKMAN,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

REPORT AND RECOMMENDATION

24-CV-5840 (EK)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Charles Blackman commenced this action against Defendant Commissioner of Social Security, alleging that Defendant erroneously denied his application for social Security Disability benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq*. (*See generally* Compl., ECF No. 1.)[1] The Court granted the parties' stipulation to remand to the Social Security Administration (the "SSA") for further proceedings, and Plaintiff eventually was awarded disability benefits. Before the Court is Plaintiff's counsel Osborn Law P.C.'s ("Osborn") motion for attorney fees, pursuant to 42 U.S.C. § 406(b). (Mot., ECF No. 13.) Defendant neither supports nor opposes Osborn's motion. (Def.'s Resp., ECF No. 15.) The Honorable Eric R. Komitee referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

## I. BACKGROUND

As alleged in the Complaint, Plaintiff has been disabled since January 1, 2016. (*See* Compl., ECF No. 1 ¶ 5.) Plaintiff applied for Social Security Disability benefits on June 9,

[1] All citations to documents filed on ECF refer to the ECF document number and pagination in the ECF header, except that citations to the Certified Administrative Record ("R.") at ECF No. 5 refer to the stamped page number on the bottom right corner of the document.

2020, which was denied on April 22, 2021 and again upon reconsideration on November 3, 2021. (*Id.* ¶ 6.) After Plaintiff's timely request, a hearing was held on June 3, 2022, with a supplemental hearing on March 20, 2023. (*Id.* ¶ 7.) The administrative law judge ("ALJ") partially granted Plaintiff's claim on October 3, 2023, finding that Plaintiff became disabled on May 8, 2021, more than five years after his claimed disability date. (*See id.*) Plaintiff requested a review of the ALJ's decision with the SSA's Appeals Council; on June 20, 2024, the Appeals Council denied Plaintiff's request. (*Id.* ¶ 8.)

In August 2024, Plaintiff retained Osborn to represent him in federal court to appeal the denial of benefits. (*See* Osborn Decl. Ex. 1 ("Fee Agt."), ECF No. 13-2.) The Fee Agreement provided that if the appeal was successful and Plaintiff was awarded past-due benefits by the federal court or by the SSA after remand, Osborn would receive the greater of the following: (1) any amount Osborn is awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") or (2) up to 25% of the past-due benefits pursuant to 42 U.S.C. § 406(b), either way as approved by the Court. (*Id.* at 2.) The Fee Agreement also stated that Plaintiff assigned his interest in any EAJA fees to Osborn for representing him in federal court. (*Id.*)

Plaintiff initiated this action on August 21, 2024, alleging that the ALJ's October 3, 2023 decision, affirmed by the Appeals Council, "was erroneous, not supported by substantial evidence in the record, and/or contrary to law." (Compl., ECF No. 1 ¶ 10.) On November 20, 2024, the parties jointly moved to reverse the Commissioner's October 3, 2023 decision and to remand the matter to the SSA for further administrative proceedings. (ECF No. 7.) The Court granted the motion on November 22, 2024 and entered judgment on November 25, 2024,

reversing and remanding pursuant to 42 U.S.C. § 405(g).[2] (*See* ECF Nos. 8–9.) On remand, the Commissioner found that Plaintiff was disabled and therefore eligible for benefits. (*See* Osborn Decl., ECF No. 13-1 ¶ 8; *see also id.* Ex. 3, ECF No. 13-4 at 2.)

On February 26, 2025, the Court granted the parties' stipulated request to award Plaintiff $1,100.00 in attorneys' fees pursuant to the EAJA. (ECF No. 11.) The Court further ordered that those attorneys' fees should be paid directly to Osborn "if plaintiff has agreed to assign his rights to EAJA fees to his attorney, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program."[3] (*Id.*)

In a Notice of Award dated November 4, 2025 (the "Notice"), the SSA informed Plaintiff that he was entitled to past-due disability benefits retroactive to June 2019, that it had withheld $21,574.50 or 25% of those past-due benefits to pay his approved representative, and that his lawyer must petition the Court to receive a Section 406(b) award of attorneys' fees. (*See* Osborn Decl., ECF No. 13-1 ¶ 10; *id.* Ex. 3, ECF No. 13-4 at 2, 5.)[4] The Notice was sent to Pasternack Tilker Ziegler Walsh Stanton & Romano LLP ("Pasternack Tilker"), Plaintiff's representative before the SSA, who emailed the Notice to Osborn on March 3, 2026. (*See* Osborn Decl., ECF No. 13-1 ¶ 11; *id.* Ex. 4, ECF No. 13-5 at 2.)

On March 17, 2026, Osborn filed the instant motion requesting attorneys' fees pursuant to 42 U.S.C. § 406(b). (Osborn's Mot., ECF No. 13.) Defendant responded on March 30,

---

[2] *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

[3] *See* 31 U.S.C. § 3716(c)(3); 31 C.F.R. § 285.4.

[4] The SSA found that Plaintiff became disabled on September 14, 2017, but could only pay benefits starting with the period 12 months before June 2020, when Plaintiff filed for disability benefits. (Osborn Decl. Ex. 3, ECF No. 13-4 at 3.)

2026. (Def.'s Resp., ECF No. 15.) Judge Komitee referred the motion for report and recommendation.

## II. <u>DISCUSSION</u>

### A. Legal Standards

"[Section 406(b) of the Social Security Act] authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A) and citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (citation omitted).

Procedurally, "[m]otions for attorney[s'] fees under [Section] 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure." *Miller v. Comm'r of Soc. Sec.*, No. 20-CV-5214 (PKC), 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing *Sinkler*, 932 F.3d at 91). "Where . . . a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award." *Sinkler*, 932 F.3d at 85. Furthermore, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Substantively, when reviewing Section 406(b) attorneys' fees applications where claimants retained counsel pursuant to a contingency agreement, courts determine: (1) whether the requested amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells*, 907 F.2d at 372.

Further, "the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-CV-4709 (CM)(SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (quoting *Gisbrecht*, 535 U.S. at 794–96), *R. & R. adopted by* 2019 WL 4565074 (S.D.N.Y. Sep. 20, 2019); *see also* 28 U.S.C. § 2412. "Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

**B. Timeliness**

Osborn's motion is timely based on his awareness of Plaintiff's past-due benefits. "Once counsel receives notice of the benefits award—and, therefore, the maximum attorney[s'] fees that may be claimed—there is no sound reason not to apply Rule 54[d](2)(B)'s fourteen-day limitations period to a § 406(b) filing[.]" *Sinkler*, 932 F.3d at 88; *see also id.* at 89 n.5 (noting the presumption that "a party receives communications three days after mailing"); *see also Hanlon v. Comm'r of Soc. Sec.*, No. 18-CV-7090 (PKC), 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022) ("This Court and others have concluded that 'starting the 14-day period when *counsel* receives notice of the benefit award is more consistent with *Sinkler*'s logic, because until counsel receives notice of the award, the amount of the award remains "as-yet-unknown" to the relevant party filing the § 406(b) motion.'") (quoting *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y.

Sep. 30, 2021) (cleaned up)). While the Notice stating Plaintiff's benefits award is dated November 4, 2025, Osborn received the Notice by email on March 3, 2026. (Osborn Decl., ECF No. 13-1 ¶ 11; *id.* Ex. 4, ECF No. 13-5.) Upon receipt, Osborn knew "an amount of past due benefits, an amount withheld for payment of [attorneys'] fees, [and] any other information that [he] could use to request approval of a fee." *LaBarbera v. Comm'r of Soc. Sec.*, No. 20-CV-3187 (WFK)(MMH), 2026 WL 493218, at *3 (E.D.N.Y. Feb. 17, 2026), *R. & R. adopted sub nom. Labarbera v. Comm'r of the Soc. Sec. Admin.*, No. 20-CV-3187 (WFK)(MMH), 2026 WL 753136 (E.D.N.Y. Mar. 17, 2026); *Breland v. Comm'r of Soc. Sec.*, No. 12-CV-5576 (ER)(SDA), 2023 WL 3659620, at *3 (S.D.N.Y. Apr. 16, 2023) ("although counsel who had represented [plaintiff] during the SSA proceedings received notice on September 26, 2022 . . . it was not until March 6, 2023 that Osborn Law received notice of the amount that had been withheld from [plaintiff's] past due benefits for attorney's fees"), *R. & R. adopted by* 2023 WL 3649978 (S.D.N.Y. May 25, 2023). Osborn then filed the instant motion on March 17, 2026, 14 days after he received the Notice. Because Osborn filed the motion within the 14-day period, the motion is therefore timely.[5]

**C. Reasonableness**

When assessing Section 406(b) fees based on contingency arrangements, courts may properly consider the following factors in the reasonableness analysis: (1) "the character of the representation and the results the representative achieved," especially if the representation is

---

[5] Even if the Court found that the 14-day period for seeking a Section 406(b) fee award started upon Pasternack Tilker's receipt of the Notice, the circumstances warrant an enlargement of the 14-day period where, as here, there is no prejudice to Defendant, Osborn moved for fees within 14 days of receipt of the Notice, and Defendant offers no evidence to contest Osborn's stated receipt date of March 3, 2026. *See LaBarbera*, 2026 WL 493218, at *4.

"substandard"; (2) whether the attorney is responsible for undue delay; and (3) whether the benefits to counsel are large compared to the amount of time spent on the case. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 808 and *Wells*, 907 F.2d at 372).

Osborn seeks $7,070.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff in this action. (Pl.'s Mem., ECF No. 13-6 at 4.) Osborn avers that upon receipt of the attorney fees, it will refund Plaintiff $1,100.00, the previously awarded EAJA fees. (*Id.* at 4 n.1.) Defendant does not oppose or agree to the requested Section 406(b) fees but defers to the Court to determine whether they are reasonable, and agrees that Osborn should refund the amount of its EAJA fees to Plaintiff if the Court approves Plaintiff's Section 406(b) attorneys' fees. (Def.'s Resp., ECF No. 15 at 1–2.)

After carefully reviewing the contingency fee provision of Osborn's retainer agreement and the *Fields* factors, the Court finds that the requested attorneys' fees award is reasonable.

**1. Contingency Fee & Hourly Rate**

The requested contingent fees are reasonable. Osborn seeks approximately 8.2% of Plaintiff's past-due benefits, well below the 25% withheld fees of $21,574.50. (Pl.'s Mem., ECF No. 13-6 at 3–4.) By "voluntarily seek[ing] a smaller award, a finding of reasonableness is strengthened." *Casiano v. Kijakazi*, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023); *see also Anderson v. Comm'r of the Soc. Sec. Admin.*, No. 23-CV-3623 (LGD), 2025 WL 5272269, at *4 (E.D.N.Y. May 14, 2025) ("Osborn Law requests approximately 4.87% of Plaintiff's withheld benefits—far less than the 25% cap set in § 406(b)."); *Gugliucciello v. Kijakazi*, No. 23-CV-4251 (VR), 2024 WL 5078286, at *2 (S.D.N.Y. Dec. 11, 2024) (noting that counsel's "requested fee of 4.9% is significantly lower

than the 25% cap"). Further, nothing in the record indicates any fraud or overreaching in Osborn and Plaintiff agreeing to a contingency fee arrangement.

Additionally, Osborn's *de facto* hourly rate is reasonable. Osborn seeks payment for 3.3 hours of work counsel spent on Plaintiff's appeal at an hourly rate of $2,000.00 and 4.7 hours of paralegal time at an hourly rate of $100.00. (Pl.'s Mem., ECF No 13-6 at 4.) "While this is high, it is within the range of the hourly rates that courts in the Second Circuit have approved in other § 406(b) cases." *Brown v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-3358 (PK), 2025 WL 1207660, at *3 (E.D.N.Y. Apr. 25, 2025) (collecting cases); *see also Thomas v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-4642 (LJL)(GWG), 2024 WL 4942283, at *3 (S.D.N.Y. Dec. 3, 2024) (collecting cases finding $2,000.00 to be a reasonable hourly rate), *R. & R. adopted by* 2024 WL 5168891 (S.D.N.Y. Dec. 19, 2024).

The Court thus finds that the requested fees are reasonable based on the contingency arrangement.

**2. Windfall**

"In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854. Instead, in evaluating whether "a relatively high hourly rate" is a windfall "in the context of any given case[,]" courts should assess: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Although it is a closer call, the Court also finds that, on balance, the requested award does not provide a windfall to counsel. First, regarding "the ability and expertise of the lawyers[,]" *Fields*, 24 F.4th at 854, Osborn "did not submit any information regarding his experience or expertise in Social Security cases[.]" *Brown*, 2025 WL 1207660, at *3. However, in recent years Osborn has been awarded Section 406(b) attorneys' fees in several cases. *See, e.g.*, *Klein v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-272 (JW), 2026 WL 2884342, at *3 (S.D.N.Y. Sep. 25, 2026); *Ramirez v. Comm'r of the Soc. Sec. Admin.*, No. 24-CV-4782 (LDH)(JMW), 2026 WL 2056905, at *7 (E.D.N.Y. July 16, 2026); *Springer v. Comm'r of Soc. Sec.*, No. 19-CV-2032 (RRM), 2023 WL 2711313, at *5 (E.D.N.Y. Mar. 30, 2023). Further, "[Osborn] did not expend much effort in order to achieve Plaintiff's benefits award." *Brown*, 2025 WL 1207660, at *3. Approximately three weeks after Defendant filed the Certified Administrative Record, the parties stipulated to remand the Commissioner's final decision back to the SSA and the Court entered judgment. (ECF Nos. 7–8.) And the billing records (*see* ECF No. 13-3 at 3) "reflect that [Osborn's] paralegal, not [Osborn], drafted and filed the Summons, Complaint, and other supporting documents, and that [Osborn] only reviewed the motion to remand, which the Commissioner drafted and filed." *Brown*, 2025 WL 1207660 at *3; *see also Anderson*, 2025 WL 5272269, at *4 (noting that paralegals' work comprised most of the requested attorney hours). When attorneys represent Social Security disability plaintiffs on a contingency basis, and the federal action resolves successfully with minimal efforts, the potential for a windfall is substantially higher. *See Fields*, 24 F.4th at 856. For this reason, the first *Fields* factor warrants a downward adjustment.

The second factor, the nature and length of Osborn's attorney-client relationship with Plaintiff, is a closer call. In *Fields*, the Second Circuit decided that "the significant investment

of time and effort in [Plaintiff's] case at the agency level further enabled [counsel] to operate with efficiency in the federal courts" because "[counsel] represented [Plaintiff] since the start of agency proceedings in 2011, advocating on his behalf during four separate hearings before ALJs and in multiple petitions to the Appeals Council." *Fields*, 24 F.4th at 855. In contrast, Osborn's attorney-client relationship with Plaintiff is much less developed: Pasternack Tilker represented Plaintiff for over four years before the SSA, while Osborn represented Plaintiff in this action only after the Appeals Council of the SSA affirmed the ALJ's partial denial of Plaintiff's application. (Compl., ECF No. 1 ¶¶ 7–8; *see* Osborn Decl., ECF No. 13-1 ¶¶ 8, 11; R. at 133.) As such, "the length of the relationship was brief, and [] the relationship was not a particularly profound one." *Thomas*, 2024 WL 4942283, at *3. That said, Osborn's less extensive representation of Plaintiff is reflected in the proportionately smaller percentage of Plaintiff's past-due benefits that Osborn seeks. *See Piali v. Bisignano*, No. 21-CV-815 (EK)(MMH), 2026 WL 494950, at *4 (E.D.N.Y. Feb. 23, 2026) (finding that requested attorneys' fees were a proportionately smaller percentage, and therefore, did not warrant any downward adjustment), *R. & R. adopted by* 2026 WL 674602 (E.D.N.Y. Mar. 10, 2026). Accordingly, the second factor does not warrant a downward adjustment.

Third, Plaintiff's satisfaction with his disability benefits award supports the requested attorneys' fees. "Although there is no submission from Plaintiff supporting or opposing [Osborn's] request for fees, Plaintiff received a very favorable result from this action[.]" *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023). Specifically, Plaintiff was awarded nearly all the disability benefits he requested only after Osborn performed legal services for him in this case. "While Plaintiff's counsel did not handle the administrative proceedings before the Social Security

Administration, counsel was instrumental in securing a favorable result on appeal, and there is no indication that Plaintiff was dissatisfied with counsel's representation." *Mcenery v. Comm'r of Soc. Sec.*, No. 21-CV-7827 (CS), 2024 WL 4815849, at *4 (S.D.N.Y. Nov. 18, 2024). Indeed, Osborn achieved favorable results for Plaintiff more quickly than his prior counsel. "Because these results are consistent with the relief Plaintiff sought by retaining [Osborn], the Court safely presumes Plaintiff is satisfied with [Osborn]'s representation, and no downward adjustment is required." *LaBarbera*, 2026 WL 493218, at *6; *Giorgio v. Comm'r of Soc. Sec.*, No. 21-CV-736 (EK)(MMH), 2025 WL 504537, at *4 (E.D.N.Y. Feb. 15, 2025), *R. & R. adopted by* 2025 WL 753867 (E.D.N.Y. Mar. 10, 2025).

Finally, the Court finds that the uncertainty regarding this action's success also supports the conclusion that the requested attorneys' fees are not a windfall to Osborn. "'In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Fields*, 24 F.4th at 855–56 (quoting *Wells*, 907 F.2d at 371). Although counsel in this case succeeded quickly—the parties stipulated to remand three months after Plaintiff filed his Complaint—this case was not less risky than other similar SSA cases. When Plaintiff retained Osborn, "there was no guarantee that he would be paid for his work," especially because Plaintiff's application was repeatedly denied at the agency level. *Brockington v. Comm'r of Soc. Sec.*, No. 21-CV-2178 (LGS)(VF), 2024 WL 3639219, at *4 (S.D.N.Y. June 28, 2024), *R. &. R. adopted by* 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024). Therefore, the fourth factor also does not warrant a downward adjustment.

For these reasons, the Court should award the requested § 406(b) fees.

### D. EAJA Attorneys' Fees Award

"Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [plaintiff's counsel] to return the lesser of either that amount or the EAJA award to his clients." *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988). "An EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (cleaned up). "The EAJA does not, however, disturb any contractual or other assignment-based rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." *Brown v. Bisignano*, No. 25-CV-2834 (NCM)(MMH), 2026 WL 2272538, at *6 (E.D.N.Y. Aug. 7, 2026) (cleaned up), *R. & R. adopted sub nom. Brown v. Bisignano*, No. 25-CV-2834 (NCM)(MMH), 2026 WL 2476829 (E.D.N.Y. Aug. 24, 2026).

Pursuant to the Fee Agreement, Plaintiff authorized Osborn to seek EAJA fees from the Court, assigned any EAJA fee awards to Osborn, and agreed that if counsel "is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), he will refund the lesser of the amounts between the [Section]406(b) fees and the EAJA fees" to Plaintiff. (Fee Agt., ECF No. 13-2 at 2.) The parties agree that Plaintiff should receive $1,100.00 for the EAJA fees. (*See* Pl.'s Mem., ECF No. 13-6 at 4 n.1; Osborn Decl., ECF No. 14-1 ¶ 8; Def.'s Resp., ECF No. 15 at 2.) As noted with respect to the Section 406(b) fees, nothing in the record suggests that Plaintiff owes any debt that is subject to offset under the Treasury Offset Program.

Accordingly, the Court respectfully recommends that Osborn should refund Plaintiff the EAJA fees in the amount of $1,100.00 upon receipt of his Section 406(b) attorneys' fees award.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that: (1) Osborn Law P.C.'s motion for attorneys' fees should be **granted**; (2) Osborn Law P.C. should be awarded **$7,070.00** in attorneys' fees pursuant to 42 U.S.C. § 406(b), paid from Plaintiff's past-due benefits, and (3) within seven days of receipt of the Section 406(b) attorneys' fees award, Osborn Law P.C. should refund to Plaintiff $1,100.00 for the attorneys' fees it was awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A copy of this Report and Recommendation is being served on the parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Komitee. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

**SO ORDERED.**

Brooklyn, New York
October 7, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge